IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01804-LTB-KLM

I'MNAEDAFT, LTD.,

    Plaintiff,

v.

THE INTELLIGENT OFFICE SYSTEM, LLC,
RALPH S. GREGORY, and
GREG BROOKS,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Opposed Motion for Leave to File Its Second Amended Complaint** [Docket No. 23; Filed December 11, 2008] (the "Motion"). The Court has reviewed the Motion, Defendants' Response [Docket No. 26; Filed December 16, 2008], Plaintiff's Reply [Docket No. 34; Filed December 30, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

## I.     Background

This case arises out of a franchise agreement pursuant to which Plaintiff paid Defendants for purchase of a franchise and expansion rights in Houston, Texas and the surrounding area. *First Amended Complaint* [Docket No. 22; Filed December 9, 2008] at 2. Plaintiff's Complaint alleges, *inter alia*, claims for fraudulent inducement, fraud, negligent

1

misrepresentation, conspiracy, and breach of contract. *Id.* at 11-15.

Plaintiff requests leave to amend its First Amended Complaint to include a claim for punitive damages pursuant to Colo. Rev. Stat. § 13-21-102, and a claim for violation of the Colorado Consumer Protection Act. *Motion* [#23] at 2. As grounds, Plaintiff argues that pursuant to Colo. Rev. Stat. § 13-21-102, the inclusion of a claim for punitive damages is prohibited in the initial pleading, and only allowed after the plaintiff establishes *prima facie* proof of a triable issue of exemplary damages. *Id.* at 2. Plaintiff further argues that the Motion to Amend is filed within the deadline to amend pleadings established by the Court, and that Defendants will suffer no prejudice as a result of the amendment. *Id.* Defendants argue that the Motion should be denied, because "[d]espite the requirement that a plaintiff establish a *prima facie* case of entitlement to exemplary damages before it is allowed to add a request for exemplary damages, [Plaintiff] offers no evidence in support of its request to add a prayer for exemplary damages." *Response* [#26] at 3-4.

## II. Discussion

Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or

2

futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Colo. Rev. Stat. § 13-21-102(1.5)(a) contemplates that the discovery process will provide the requisite *prima facie* evidence to support a claim for punitive damages. *See Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). Pursuant to Colo. Rev. Stat. § 13-21-102(1)(a), the circumstances under which the wrongful act must have been committed include fraud, malice, or willful and wanton conduct. To establish fraud, the plaintiff must show that the defendant made a "false representation of a material fact, knowing the representation to be false; that the person to whom the representation was made was ignorant of the falsity; that the representation was made with the intention that it be acted upon; and, that the reliance resulted in damage to the plaintiff." *Coors v. Security Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005) (citing *Brody v. Bock*, 897 P.2d 769, 775-76 (Colo. 1995)). *Prima facie* proof of a triable issue of punitive damages is established by "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Id.* (citing *Leidholt v. Denver Dist. Court*, 619 P.2d 768, 771 (Colo. 1980)). Further, "[s]uch proof may be established through discovery, by evidentiary means, or by an offer of proof." *Id.*

At this early stage of the litigation, the Court is concerned only with whether the evidence, when viewed in the light most favorable to Plaintiff, is sufficient to make out a *prima facie* case of fraud for the purpose of allowing Plaintiff to amend its Complaint to seek exemplary damages, and not whether such evidence is sufficient to defeat summary judgment. *See American Econ. Ins. Co. v. William Schoolcraft, M.D., P.C.*, 2007 WL 160951, at *2 (D.Colo. Jan. 17, 2007) (unpublished decision); *see also Stamp*, 172 P.3d at 450 ("A plaintiff should have an opportunity to test the merits of any claim for relief that

is supported by the underlying facts of the case").

Plaintiff seeks to amend its First Amended Complaint to add allegations that Defendants intentionally defrauded Plaintiff by: (1) failing "to disclose significant related-party transactions between Defendant Intelligent Office Solutions, Inc. ("IOS") and entities owned and operated by Defendant Ralph Gregory"; (2) failing "to disclose accurate and restated financial statements that showed significantly reduced revenues for IOS, thus misleading [Plaintiff] with false financial information;" and (3) "intentionally conceal[ing] from [Plaintiff] significant regulatory risks in providing mailbox-only service to customers, which services IOS advertised as part of the business and the revenue from which [Plaintiff] built into its business model in acquiring, opening and operating its franchise." *Reply* [#34] at 2. Plaintiff provides numerous additional specific factual allegations in support of these three contentions of fraud. *Id.* at 2-4. Considering that the evidence must be viewed in the light most favorable to Plaintiff, and that leave to amend should be freely granted, the Court finds that at this point in the litigation, Plaintiff's offer of proof is sufficient to establish *prima facie* proof of a triable issue of fraud. *See, e.g., Espinoza v. American Family Mut. Ins. Co.*, 2008 WL 4059851, at *2 (D. Colo. Aug. 29, 2008). The Court emphasizes that this Order does not evaluate or address the merits of awarding punitive damages in this case, but is limited to the recognition that the issue of punitive damages may be properly included in the pleadings at this point.

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Opposed Motion for Leave to File Its Second Amended Complaint** [Docket No. 23; Filed December 11, 2008] is

4

**GRANTED**. Plaintiff's Second Amended Complaint [Docket No. 23-2;Filed December 11, 2008] is **accepted for filing** as of the date of this Order. Defendant shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15 and other applicable rules.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: January 12, 2009