IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01804-LTB-KLM

I'MNAEDAFT, LTD.,

    Plaintiff,

v.

THE INTELLIGENT OFFICE SYSTEM, LLC,
RALPH S. GREGORY, and
GREG BROOKS,

    Defendants/Counterclaimants,

and

THE INTELLIGENT OFFICE SYSTEM, LLC,

    Third-Party Plaintiff,

v.

RONALD CLARKE,

    Third-Party Defendant.
_____

**ORDER DENYING MOTION FOR RECONSIDERATION REGARDING DEFENDANTS' TAX RETURNS**
_____

This matter is before the Court on **Plaintiff's Motion for Reconsideration Regarding Defendants Gregory and Brooks' Tax Returns** [Docket No. 69; Filed February 24, 2009] (the "Motion"). The Court has reviewed the Motion, Defendants' Response [Docket No. 100; Filed March 16, 2009] and Plaintiff's Reply [Docket No. 106; Filed March 20, 2009]. For the reasons set forth below, IT IS HEREBY **ORDERED** that the

1

Motion is **DENIED.**

## I. Factual Background

This lawsuit involves a dispute over a franchise. Plaintiff I'mnaedaft, Ltd. ("Plaintiff") is a former franchisee of Defendant The Intelligent Office System, L.L.C. ("IOS"). In general, Plaintiff claims that Defendants breached the franchise agreement and tortiously interfered with Plaintiff's business. *Motion,* at 2-3. Defendant Ralph S. Gregory ("Gregory") is the President of IOS. *Third Amended Complaint* [Docket No. 61; Filed February 12, 2009] at 9. Defendant Greg Brooks ("Brooks") is the Operations Director of IOS. *Complaint* at 2.

On February 17, 2009, the Court held a telephonic hearing regarding Defendants' oral motion for protective order relating to a third party subpoena served by Plaintiff which sought production of Defendants Gregory's and Brooks' individual tax returns. The Court held that the Defendants' individual tax returns are not relevant to the subject matter of the litigation and granted the protective order. [Docket No. 64; Filed February 17, 2009]. Plaintiff now seeks reconsideration of that order.

## II. Arguments

Plaintiff contends that Gregory's and Brooks' tax returns are relevant to its claim that Defendants "failed to disclose related entity transactions prior to the execution of the Franchise and Area Agreements." *Motion* at 4. This alleged failure to disclose is apparently central to Plaintiff's fraud claims. *Id.* at 4-5. Plaintiff explains that Gregory "regularly makes loans" to IOS so that the company appears profitable to potential franchisees, among others. *Id.* at 4. Plaintiff further avers, upon information and belief, that Brooks has received loans from IOS. *Id.* at 5. Plaintiff asserts that it is "entitled to

review Brooks' personal tax returns to determine the amount of such loan [sic] and how the money was characterized by Brooks on his income tax return(s) – if he did not report it as a loan, then that contradicts IOS' claim that it was a loan." *Id.* Plaintiff does not explain how the alleged loans would be reflected in either Defendant's tax returns, or why Plaintiff cannot obtain information about the alleged loans from other sources. Plaintiff merely avers that its expert witness wishes to review the tax returns and that "there is no other method to procure this financial information other than requesting such information from Gregory and Brooks during discovery." *Id.* (The subpoena at issue here was served by Plaintiff on Arrone Appel, C.P.A., an accountant who apparently prepared Gregory's tax returns. *Response* at 1-2.)

Defendants assert that personal income tax returns are closely guarded by Colorado law, and that Plaintiff has failed to demonstrate the requisite "compelling need" for their production in this case. *Response* at 2-4. Defendants assert that "other sources are readily available from which Plaintiff can readily obtain that information which would arguably be relevant to its claims." *Id.* at 4. Defendants further allege that they have already produced documents from which the information sought may be obtained (the financial books and records of IOS and its related entity, The Intelligent Office, Inc., among other documents.) *Id.* Finally, Defendants assert that "even if [the alleged loan to Brooks] were relevant. . . it would not be reflected on Brooks' personal tax returns." *Id.*

### III. Analysis

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include:

"(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012..

Because Plaintiff does not assert a change in the law or new evidence since the Court's oral ruling on this issue, I examine my previous ruling that Gregory's and Brooks' tax returns are not discoverable "to correct clear error or prevent manifest injustice." *Id.* I find neither.

Plaintiff asserts that the tax returns are relevant to its fraud claims, in that they will show that "Defendants 'moved money around' freely without proper documentation and without disclosing these transactions to [Plaintiff]." *Motion* at 5. Even assuming, *arguendo,* that the tax returns are relevant to Plaintiff's claims, the inquiry relating to their production does not end there. The parties do not dispute that the tax returns are confidential, as that term is ordinarily applied in the law. Discovery in federal court is governed by the Federal Rules of Civil Procedure, regardless of whether federal jurisdiction is based on federal question or diversity of citizenship. *See Everitt v. Brezzel*, 750 F.Supp. 1063, 1065 (D. Colo. 1990). Although federal law does not provide absolute protection from disclosure for confidential financial information such as that included in personal tax returns, applicable precedent directs the Court to weigh the need for privacy against the need for disclosure in circumstances involving requests for disclosure of such information. *See, e.g., Fed.*

*Open Market Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340 (1979).  If a state doctrine promoting confidentiality does not conflict with federal interests, it may be taken into account as a matter of comity.  *Gottlieb v. Wiles*, 143 F. R. D. 235, 237 (D. Colo.) (citations omitted).

Colorado law contains a doctrine promoting confidentiality of tax returns. Pursuant to Colorado law, courts generally apply the three-part test set forth in *Martinelli v. Denver District Court*, 612 P.2d 1083 (Colo. 1980) to determine whether confidential information should be disclosed during discovery.  *See, e.g., Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 720-21 (Colo. 1999).  This test requires the court to consider:

> (1) whether the individual has a legitimate expectation of nondisclosure; (2) whether disclosure is nonetheless required to serve a compelling state interest; and (3) where a compelling state interest necessitates disclosure of otherwise protected information, how disclosure may occur in a manner which is least intrusive with respect to the right of confidentiality.

*Id.* (citing *Martinelli,* 612 P.2d at 1091).  In a subsequent decision, the Colorado Supreme Court recognized the "limited applicability of the *Martinelli* test" in those cases where one private party seeks disclosure of confidential information from another private party. *Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 157 (Colo. 2008).  In such cases, the court noted that "[c]onsideration of a compelling *state* interest (i.e. the second prong of *Martinelli*) . . .has little or no applicability. . . ." 185 P.3d at 158.  Accordingly, the *Stone* court affirmed that the test set forth in *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005), is more appropriately used in cases involving two private parties and the discovery of confidential information like that contained in tax returns.  *Stone*, 185 P.3d at 159.

The *Alcon* test, as set forth in *Stone*, requires courts to balance the concepts of "compelling need and least intrusive alternative" and mandates that this inquiry be

5

considered in light of the particular circumstances of each case. *Id.* In applying the *Alcon* test, the *Stone* court noted that "[t]he burden lies with the party seeking discovery . . . to demonstrate a compelling need for the specific information contained within the requested documents. In responding to the discovery requests, the party opposing discovery can point to other available sources from which the information can be readily obtained." *Id.* Considering the circumstances of the instant discovery request, this Court likewise finds that the *Alcon* test is more appropriately applied, because the second *Martinelli* factor involving state interests appears to be unrelated to the issues in this case.

Therefore, pursuant to *Alcon*, the Court must consider whether Plaintiff has demonstrated a "compelling need" for Gregory's and Brooks' tax returns, and whether production of those documents is the "least intrusive" means of obtaining the information sought. *Stone*, 185 P.3d at 158. Construing Plaintiff's pleadings liberally, Plaintiff asserts that it needs Gregory's tax returns to determine the amount(s) of any loan(s) he made to IOS and because its expert witness wishes to use the returns "to confirm his opinion that [IOS's] financial statements are false and entirely misleading. . . ." *Reply* at 4. Regarding Brooks' tax returns, Plaintiff asserts that it needs his tax returns to determine whether he reported alleged loans made to him by IOS consistent with "IOS' [sic] claim that it was a loan." *Motion* at 5. Plaintiff further asserts that Defendants have "put their income directly in issue [by filing a counterclaim for damages], and [have] thereby waived any objection to the production of the tax and financial information." *Reply* at 3.

The Court finds that Plaintiff has failed to articulate a compelling reason for production of Gregory's or Brooks' tax returns, or that production of those records is the least intrusive means of obtaining the information it seeks. Indeed, Plaintiff offers no

reason why these confidential documents, as opposed to other sources of financial information, must be disclosed. As Defendants suggest, the amount of Gregory's loans to IOS and IOS's alleged loan(s) to Brooks may be determined from other sources, including the company's financial statements and/or the testimony of those individuals. In addition, Plaintiff's expert may use those records in preparing his opinion. Brooks' characterization of any monies received from IOS on his tax returns is simply not a material element of any claim made by Plaintiff in this case. Finally, only Defendant IOS has asserted counterclaims against Plaintiff in this case. *Amended Counterclaim and Amended Third-Party Complaint* [Docket No. 56; Filed February 11, 2009] at 8-16. In doing so, neither Defendant Gregory nor Defendant Brooks has "put his income directly in issue," and consequently neither has waived objections to production of their personal tax returns. The cases cited by Plaintiff are inapposite, as they relate to production of personal tax returns by individual former employees asserting claims for lost income against their former employers. *Vinton v. Adam Aircraft Indus., Inc.*, 232 F.R.D. 650, 662 (D. Colo. 2005); *Hamner v. Associated Wholesale Grocers, Inc.,* 2008 WL 917900 at *2 (D. Kan. March 31, 2008).

Because I find that Plaintiff has failed to demonstrate a compelling need for Defendants' tax returns, and that production of the tax returns is not the least intrusive means for obtaining the information sought, the *Alcon* test has not been met. Accordingly, due to their confidential nature and the heightened protection afforded to them by law, Gregory's and Brooks' tax returns need not be disclosed to Plaintiff in this action.

Dated: March 30, 2009

By the Court:

/s/ Kristen L. Mix

United States Magistrate Judge