# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01804-LTB-KLM

I'MNAEDAFT, LTD,
 Plaintiff,

v.

THE INTELLIGENT OFFICE SYSTEM, LLC,
RALPH S. GREGORY and
GREG BROOKS,
 Defendants/Counterclaimants.

And

THE INTELLIGENT OFFICE SYSTEM, LLC,
 Third-Party Plaintiff,

v.

RONALD CLARKE,
 Third-Party Defendant.

---

## [~~PROPOSED~~] PRELIMINARY INJUNCTION HEARING ORDER

---

### 1. Dates and Appearances:

For Plaintiff and Third-Party Defendant:

Sven Collins, Esq.
Holme Roberts & Owen LLP
1700 Lincoln, Suite 1400
Denver, CO 80203-4541

Thomas W. Sankey, Esq.
Duane Morris, LLP
Suite 3150
3200 Southwest Freeway
Houston, TX 77027-7534

<u>For Defendants</u>:

Jeffrey J. Cowman, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
1225 17th Street, Suite 2300
Denver, CO  80202

**2.     <u>Pending Motions to be Heard:</u>**

**A.     Plaintiff's Summary Of The Pending Motions**

This is an action brought by franchisee I'MNAEDAFT Ltd. ("I'MNAEDAFT") against

franchisor The Intelligent Office System, LLC and its principals ("Defendants") for, *inter alia*,

fraudulent inducement, breach of contract and tortious interference with business relations.

Defendants have filed a counterclaim which includes, *inter alia*, their own claims for breach of

contract and tortious interference with business relations.  Defendants have also filed a third

party complaint against one of I'MNAEDAFT's principals, Ronald Clarke.

The parties have filed cross motions for preliminary injunction.

I'MNAEDAFT's motion seeks to preserve the status quo between the parties pending a

trial on the merits.  In its motion, I'MNAEDAFT maintains that Defendants have improperly

terminated its franchise and have since that time attempted to and in some instances successfully

interfered with I'MNAEDAFT's business.  I'MNAEDAFT has stopped using any of the

Defendants' claimed intellectual property and proprietary information and is now operating its

business under an entirely different trade name.  A cease fire which preserves the status quo is

the appropriate relief in these circumstances.  Notwithstanding that IOS has no competing

business in the Houston market, it seeks an injunction which would serve to enforce the

provisions of a post-termination restrictive covenant set forth in the franchise agreement between

the parties by preventing I'MNAEDAFT from pursuing legitimate business at the location

2

I'MNAEDAFT leased and built out. Defendants maintain that their termination was proper and authorized under the terms of the franchise agreement and that, accordingly, they are entitled to enforce the terms of the post-termination restrictive covenant to prevent I'MNAEDAFT from conducting its business and from any further use of its trademarks and other proprietary information. Such an injunction which would alter the status quo is improper and unnecessary at this stage of the proceedings. Accordingly, it is I'MNAEDAFT, not IOS, which is entitled to a preliminary injunction.

**B.      Defendants' Summary Of The Pending Motions**

Plaintiff has asserted claims in this action against The Intelligent Office Systems, LLC ("IOS") and its representatives Ralph S. Gregory and Gregory Brooks, relating to or arising from a franchise agreement entered into between Plaintiff and IOS dated October 10, 2005 ("Franchise Agreement"). Subsequent to the filing of this action, multiple notices of default were issued by IOS to Plaintiff which Plaintiff failed to cure within the time required by the Franchise Agreement. As a result, by written notice dated February 3, 2009, Plaintiff's franchise was terminated. Thereafter, Plaintiff continued to operate the same business, offering the same services to the same clients as it had while it was an IOS franchisee. As a result, on February 6, 2009, IOS moved for a preliminary injunction to enjoin Plaintiff and its owner, Ronald Clarke ("Clarke") from violating their post-termination obligations, including their operation of a Competitive Business in violation of their noncompetition agreements. IOS also seeks to enjoin Plaintiff's and Clarke's continued use of IOS' Marks and System, including their use of IOS' trade secrets and other confidential and proprietary information. That motion has been fully briefed by the parties.

DMWEST #6808018 v1

In response to that motion, Plaintiff and Clarke filed their own motion for preliminary

injunctive relief on February 12, 2009 seeking to enjoin IOS from enforcing the post-termination

obligations set forth in the Franchise Agreement, including the noncompete provisions, and to

enjoin Defendants from interfering with their conduct of a Competitive Business. That motion

has also been fully briefed.

Discovery related to those motions has been completed. Thus, the motions are ripe for

determination.

### 3.   **Witnesses:**

A.   <u>IOS' Witnesses</u>

1.      IOS will call the following witnesses at the hearing on the motion for preliminary

injunction:

      a.      Ralph Gregory
          4450 Arapahoe Avenue
          Boulder CO 80303
          (303) 447-9000
          Direct Examination - 3 hours

          Mr. Gregory will testify regarding the conception, development,

growth and operation of The Intelligent Office system, including the trade

secrets which have been developed and which are critical to the conduct of

the business. He will testify regarding the terms and conditions of the

Franchise Agreement that govern the relationship between the parties,

Plaintiff's and IOS' performance thereunder and the events which led to

IOS' termination of Plaintiff's franchise. He will testify regarding

Plaintiff's and Clarke's violation of their post-termination obligations and

4

the irreparable harm that IOS has and will suffer as a result of those

breaches and other facts relevant to IOS' motion, as further set forth

therein.

b.   Tom Camplese
     4450 Arapahoe Avenue
     Boulder CO 80303
     (303) 447-9000
     Direct Examination - 1 hour

          Mr. Camplese will testify regarding Plaintiff's noncompliance with

its obligations under the Franchise Agreement and the circumstances

which necessitated the termination of Plaintiff's Franchise Agreement.  He

will further testify regarding the irreparable harm which IOS has and will

suffer as a result of Plaintiff's and Clarke's continuing violation of their

post-termination obligations, including the importance of protecting IOS'

trade secrets and the harm to the franchise system resulting from

Plaintiff's and Clarke's conduct.

c.   Greg Brooks
     4450 Arapahoe Avenue
     Boulder CO 80303
     (303) 447-9000
     Direct Examination - 1 hour

          Mr. Brooks will testify regarding IOS' operations and the services

and support provided by IOS to Plaintiff, Plaintiff's failure to conduct its

business consistent with the Franchise Agreement and related Operations

Manual, and his participation in the audit and inspection of Plaintiff's

franchise in November 2008 and January 2009 which resulted in the

termination of Plaintiff's Franchise Agreement.

    d.     Brian Jones
            234 Columbine Street, Suite 300A
            Denver, CO  80206
            (303) 377-6488
            Direct Examination - 45 minutes

Mr. Jones will testify regarding his audit and inspection of

Plaintiff's franchise in November 2008 and January 2009 and the report

which was issued by the Jones Group dated November 20, 2008 relating

thereto and Plaintiff's failure to cure the defaults and deficiencies set forth

therein.

    e.     Ron Clarke
            c/o Duane Morris, LLP
            Suite 3150
            3200 Southwest Freeway
            Houston, TX 77027-7534
            Cross-Examination:  1 hour

Mr. Clarke will testify regarding Plaintiff's and his violation of

their post-termination obligations and other breaches of the Franchise

Agreement and other matters related thereto.

    2.     IOS may call the following witnesses at the hearing on the motions for

preliminary injunction:

    a.     Lloyd Brady
            Product Computer Systems, Inc.
            2985 Sterling Court, Suite A
            Boulder, CO 80301
            Direct Examination - 45 minutes

Mr. Brady may testify regarding the unique and proprietary

technology systems used by IOS and its franchisees, including Plaintiff,

and other matters related thereto.

b.    Micah Turnquist
      Product Computer Systems, Inc.
      2985 Sterling Court, Suite A
      Boulder, CO 80301
      Direct Examination - 45 minutes

Mr. Turnquist may testify regarding the unique and proprietary

technology systems used by IOS and its franchisees, including Plaintiff,

and other matters related thereto.

c.    Alexander Harrington
      Senior Account Manager
      Evo Technologies, Inc.
      1218 Walnut Street, Suite 206
      Philadelphia, PA  19107
      Direct Examination - 30 minutes

Mr. Harrington may testify regarding the EVO software developed

specifically for use by IOS and its franchisees, including the unique and

proprietary nature of same.

d.    Iain Clarke
      c/o Duane Morris, LLP
      Suite 3150
      3200 Southwest Freeway
      Houston, TX 77027-7534
      Cross Examination - 1/2 hour

Mr. Clarke may testify regarding Plaintiff's and Ron Clarke's

violation of their post-termination obligations and other breaches of the

Franchise Agreement and other matters related thereto.

e.   Arrone Appel, CPA
2425 Balsam Drive
Boulder, CO 80304
303-545-5736
Direct Examination: 1 hour

Mr. Appel may testify regarding his audit of the financial

statements of IOS which were exhibits to the Uniform Franchise Offering

Circular provided to Plaintiff, and issues related thereto, including but not

limited to, the accounting for and reporting of payments made by or

between The Intelligent Office System, LLC, The Intelligent Office, Inc.

and Ralph Gregory.

f.   Silvia Zuniga
11325 Random Hills Road
Fairfax, VA 22030
703-225-3300

Ms. Zuniga may testify regarding her experience as an IOS

franchisee, including the service and support provided by IOS, the

importance of mailbox only services to her business, IOS' trade secrets,

the harm she would suffer if other franchisees were allowed to disregard

their post-termination covenants not to compete and other facts relating

thereto.

g.   David Middleton
Dana Middleton
4440 PGA Blvd., Suite 600
Palm Beach, FL 33410
561-472-8400

David and Dana Middleton may testify regarding their experience

as an IOS franchisee, including the service and support provided by IOS,

DMWEST #6808018 v1

the importance of mailbox only services to their business, IOS' trade secrets, the harm they would suffer if other franchisees were allowed to disregard their post-termination covenants not to compete and other facts relating thereto.

3.     The following witnesses' testimony is expected to be presented by means of a deposition transcript, which depositions were completed on the dates indicated below.

      a.      Clark Grue
400 5th Avenue, Suite 300, SW
Calgary, Alberta, T2P 0L6
403-515-6081
Date of Deposition: April 8, 2009

      b.      Dennis Ballen
96 Ogle Road
Old Tappan, NJ 07675
Date of Deposition:  February 12, 2009

4.     IOS reserves the right to call such additional witnesses as may be necessary for purposes of impeachment or rebuttal or as otherwise necessary for which good cause will be shown.

B.     I'mnaedaft and Clarke

1.     Plaintiff and Clarke will call the following witnesses at the hearing on the motion for preliminary injunction:

      a.      Ronald Clarke, I'MNAEDAFT, LTD.
c/o Thomas W. Sankey
Duane Morris LLP
3200 Southwest Freeway, Suite 3150
Houston, Texas 77072
713-402-3900
Direct examination: approximately 4 hours

Ronald Clarke is one of the principals of I'MNAEDAFT.  He is expected to provide testimony relative to the misrepresentations and omissions of material facts made by IOS in, *inter alia*, its offering circular, which lured him to purchase and make a significant investment in an IOS franchise which he subsequently opened in the Houston market.  Mr. Clarke is also expected to provide testimony which supports the fact that he has since discovered that the IOS franchise system is not what it purported to be--that it lures unsuspecting potential franchisees based on false and misleading information and that its purported "intellectual property" is valueless. Among the examples of misinformation provided by IOS to I'MNAEDAFT were false financial statements.  Mr. Clarke will also provide testimony concerning IOS' failure to provide any meaningful services to I'MNAEDAFT during the course of their business relationship. Mr. Clarke will recount I'MNAEDAFT's deteriorating relationship with IOS and its principals, which ultimately led to IOS conducting a staged audit of I'MNAEDAFT followed by its declaration of erroneous and/or pretextual "defaults" in order to terminate I'MNAEDAFT.  Mr. Clarke is expected to testify that at this point I'MNAEDAFT is pursuing an entirely different business model, and is not utilizing any of IOS' purported "intellectual property."  Notwithstanding I'MNAEDAFT's moving in an entirely different direction from IOS, Mr. Clarke is expected to testify that IOS has attempted to and in some instances successfully solicited

I'MNAEDAFT's customers, which conduct is the impetus behind his

pursuit of this injunction against further interference. Mr. Clarke is

expected to testify that an injunction against I'MNAEDAFT would most

certainly cause irreparable harm in the loss of business and goodwill, not

to mention the loss of his significant investment in the enterprise. In

contrast, Mr. Clarke is expected to testify that IOS has no business interest

in the Houston market which would require the granting of injunctive

relief.

b.     Iain Clarke
c/o Thomas W. Sankey
Duane Morris LLP
3200 Southwest Freeway, Suite 3150
Houston, Texas 77072
713-402-3900
Direct examination: 2 hours

Iain Clarke is one of the principals of I'MNAEDAFT with

knowledge of its day to day operations. He is expected to provide

testimony relative to the misrepresentations and omissions of material

facts made by IOS in, *inter alia*, its offering circular, which lured him to

purchase and make a significant investment in an IOS franchise which he

subsequently opened in the Houston market. Mr. Clarke is also expected

to provide testimony which supports the fact that he has since discovered

that the IOS franchise system is not what it purported to be--that it lures

unsuspecting potential franchisees based on false and misleading

information and that its purported "intellectual property" is valueless.

11

Among the examples of misinformation provided by IOS to I'MNAEDAFT were false financial statements. Mr. Clarke will also provide testimony concerning IOS' failure to provide any meaningful services to I'MNAEDAFT during the course of their business relationship. Mr. Clarke will recount I'MNAEDAFT's deteriorating relationship with IOS and its principals, which ultimately led to IOS conducting a staged audit of I'MNAEDAFT followed by its declaration of erroneous and/or pretextual "defaults" in order to terminate I'MNAEDAFT. Mr. Clarke is expected to testify that at this point I'MNAEDAFT is pursuing an entirely different business model, and is not utilizing any of IOS' purported "intellectual property." Notwithstanding I'MNAEDAFT's moving in an entirely different direction from IOS, Mr. Clarke is expected to testify that IOS has attempted to and in some instances successfully solicited I'MNAEDAFT's customers, which conduct is the impetus behind his pursuit of this injunction against further interference. Mr. Clarke is expected to testify that an injunction against I'MNAEDAFT would most certainly cause irreparable harm in the loss of business and goodwill, not to mention the loss of his significant investment in the enterprise. In contrast, Mr. Clarke is expected to testify that IOS has no business interest in the Houston market which would require the granting of injunctive relief.

c.   Ralph Gregory
     The Intelligent Office System, LLC
     The Intelligent Office, Inc.
     c/o Jeffrey J. Cowman
     Ballard Spahr Andrews & Ingersoll, LLP
     1225 17th Street, Suite 2300
     Denver, Colorado 80202-5596
     303-299-7319
     Cross examination: 6 hours

Ralph Gregory is a principal of IOS and a named defendant in this

case. He is expected to provide testimony which corroborates

I'MNAEDAFT's allegations that IOS made material misrepresentations

and omissions when it lured I'MNAEDAFT into executing the Franchise

Agreement and the Area Agreement between the parties pursuant to which

I'MNAEDAFT purchased and invested in a franchise to be opened in the

Houston market and future locations within a specified time period.  Mr.

Gregory is expected to provide testimony with respect to the nature of

IOS' alleged trade secrets and intellectual property, which include off-the-

shelf software and other "proprietary information" which has been denied

trade secret status by at least one other court and which has been made

publicly-available on the internet thereby undermining any "secrecy"

which would give rise to trade secret or other protection.  Mr. Gregory is

expected to testify as to the deterioration of the relationship between IOS

and I'MNAEDAFT over time after I'MNEADAFT complained about

some of the serious issues with IOS' business plan which undermined the

entire profit structure, not to mention the legality, of the proposed

DMWEST #6808018 v1

franchises.  Mr. Gregory is expected to testify as to his efforts to terminate

I'MNAEDAFT as a result of its complaints and his further attempts to

interrupt and interfere with I'MNAEDAFT's post-termination business,

some of which efforts resulted in soliciting away I'MNAEDAFT's

customers.  Mr. Gregory also possesses knowledge concerning IOS'

historical intermittent enforcement of the terms of its contracts with

franchisees and its unsuccessful efforts to enforce the restrictive covenants

contained in those contracts.

d.   Greg Brooks
     The Intelligent Office System, LLC
     The Intelligent Office, Inc.
     c/o Jeffrey J. Cowman
     Ballard Spahr Andrews & Ingersoll, LLP
     1225 17th Street, Suite 2300
     Denver, Colorado 80202-5596
     303-299-7319
     Cross examination: 3 hours

Greg Brooks is also a principal of IOS and a named defendant in

this case.  He is expected to provide testimony which corroborates

I'MNAEDAFT's allegations that IOS made material misrepresentations

and omissions when it lured I'MNAEDAFT into executing the Franchise

Agreement and the Area Agreement between the parties pursuant to which

I'MNAEDAFT purchased and invested in a franchise to be opened in the

Houston market and future locations within a specified time period.  Mr.

Brooks is expected to provide testimony with respect to the nature of IOS'

alleged trade secrets and intellectual property, which include off-the-shelf

software and other "proprietary information" which has been denied trade secret status by at least one other court and which has been made publicly-available on the internet thereby undermining any "secrecy" which would give rise to trade secret or other protection.  Mr. Brooks is expected to testify as to the deterioration of the relationship between IOS and I'MNAEDAFT over time after I'MNEADAFT complained about some of the serious issues with IOS' business plan which undermined the entire profit structure, not to mention the legality, of the proposed franchises. Mr. Brooks is expected to testify as to IOS' efforts to terminate I'MNAEDAFT as a result of its complaints and its further attempts to interrupt and interfere with I'MNAEDAFT's post-termination business, some of which efforts resulted in soliciting away I'MNAEDAFT's customers.  Mr. Brooks also possesses knowledge concerning IOS' historical intermittent enforcement of the terms of its contracts with franchisees and its unsuccessful efforts to enforce the restrictive covenants contained in those contracts.

e.     Joe Richardson
       Harper & Pearson Company, P.C.
       One Riverway, Suite 1000
       Houston, Texas 77056
       713-622-2310

       Mr. Richardson is an expert witness retained by I'MNAEDAFT and Mr. Clarke.  He is a CPA who is expected to provide testimony regarding IOS' misleading and in fact, fraudulent financial statements

which were provided to I'MNAEDAFT to lure I'MNAEDAFT into

becoming an IOS franchisee.  Specifically, Mr. Richardson is expected to

testify that those financial statements and other financial documents are

materially false, misleading, and not prepared in accordance with

generally accepted accounting principles (though they purport to be).  Mr.

Richardson is also expected to testify as to the impact of IOS' failure to

disclose related party transactions in those financial statements, the

indiscriminate transfer of funds between those related parties, and the role

of IOS' principles in those transactions, all of which demonstrate that IOS

is nothing more than a shell entity through which its principals are

siphoning off funds to other entities under their control.  Mr. Richardson

will also testify that the timing of those related party transactions is

directly related to the need for IOS to appear profitable at various points in

time, including when it is attempting to lure in a new franchisee.

f.     Dennis Ballen
       96 Ogle Road
       Old Tappan, NJ 07675
       dennisballen@aol.com
       201-750-0660

       Dennis Ballen is a former independent contractor for IOS who

served as a broker of its franchises.  He is expected to testify as to what

IOS represented to potential franchisees about what it could and could not

deliver to franchisees as far as profitability, management, services, and the

like.  Mr. Ballen is also expected to testify as to the inner workings of IOS

and in particular, Mr. Gregory's intent to terminate I'MNAEDAFT after it

complained about IOS' faulty business plan and his subsequent efforts to

effectuate that termination.

g.   David Downey
     Boulder County Communications
     303-495-3713
     Direct examination: 1 hour

Mr. Downey is expected to testify with respect to IOS' alleged

"trade secrets" and "proprietary information," and in particular, to facts

which demonstrate that this information is not only not proprietary to IOS,

it is also not entitled to trade secret status or to any other intellectual

property protected status.  He is also expected to testify with respect to

IOS' history of selectively enforcing its restrictive covenants with

franchisees.

2.   Plaintiff and Clarke may call the following witnesses at the hearing on the motion

for preliminary injunction:

a.   Alex Donnell
     121 South Tejon, Suite 1107
     Colorado Springs, CO 80903
     719-433-7600
     Direct examination: 45 minutes

Alex Donnell is an IOS franchisee in Colorado Springs, Colorado

who is expected to testify on the misrepresentations and omissions of

material fact made by IOS at the time he entered into a business

relationship with IOS.  He is also expected to testify as to IOS'

enforcement of the terms of the franchise agreement, in particular its

17

selective enforcement of the default and termination provisions during the time he has been a franchisee. He is also expected to testify that during his relationship with IOS, there has been a complete lack of support from IOS and an absence of any meaningful services provided by IOS. He will testify that he is unaware of any trade secrets provided to him by IOS. Mr. Donnell is expected to testify as to communications he has had with IOS' principals with respect to I'MNAEDAFT and IOS' efforts to interfere with I'MNAEDAFT's business.

b.    Janet Otto
      121 South Tejon, Suite 1107
      Colorado Springs, CO 80903
      719-433-7600
      Direct examination: 45 minutes

Ms. Otto is an IOS franchisee in Colorado Springs, Colorado who is expected to testify on the misrepresentations and omissions of material fact made by IOS at the time he entered into a business relationship with IOS. She is also expected to testify as to IOS' enforcement of the terms of the franchise agreement, in particular its selective enforcement of the default and termination provisions during the time she has been a franchisee. She is also expected to testify that during her relationship with IOS, there has been a complete lack of support from IOS and an absence of any meaningful services provided by IOS. She will testify that she is unaware of any trade secrets provided to her by IOS. Ms. Otto is expected to testify as to communications she has had with IOS' principals with

18

respect to I'MNAEDAFT and IOS' efforts to interfere with

I'MNAEDAFT's business.

c.      Ronald Rosenwasser
        Friedman, Rosenwasser, & Goldbaum
        The Plaza, Suite 801
        5355 Town Center Road
        Boca Raton, FL 33486
        561-395-5511

        Mr. Rosenwasser is IOS' franchise attorney. If he is called to

testify, he is expected to testify as to the relationships between IOS and its

franchisees, and specifically with respect to IOS' contracts with its

franchisees, including I'MNAEDAFT, its selective enforcement of the

terms of those contracts, the alleged intellectual property which is

protected under those contracts, and IOS' litigation with respect to those

contracts. He is also expected to testify as to IOS' false representations to

state agencies and its false financial statements provided to potential

franchisees.

d.      Evelyn Bowers
        c/o Jeffrey J. Cowman
        Ballard Spahr Andrews & Ingersoll, LLP
        1225 17th Street, Suite 2300
        Denver, CO 80202-5596
        303-299-7319

        Ms. Bowers is an employee of IOS who has knowledge of and will

likely testify as to the inner workings of IOS, including but not limited to

the services it provides its franchisees, the related entities through which it

transacts business, and its relationship with I'MNAEDAFT.

DMWEST #6808018 v1

e.   Megan Mancuso
c/o Jeffrey J. Cowman
Ballard Spahr Andrews & Ingersoll, LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
303-299-7319

Ms. Mancuso is an employee of IOS who has knowledge of and

will likely testify as to the inner workings of IOS, including but not

limited to the services it provides its franchisees, the related entities

through which it transacts business, and its relationship with

I'MNAEDAFT.

f.   Tom Camplese
c/o Jeffrey J. Cowman
Ballard Spahr Andrews & Ingersoll, LLP
1225 17th Street, Suite 2300
Denver, Colorado 80202-5596
303-299-7319

Mr. Camplese is the Chief Operating Officer of The Intelligent

Office System. He, like Messrs. Gregory and Brooks, is knowledgeable

about IOS' financial state, its representations of that financial information

to potential franchisees, including I'MNAEDAFT, and its relationships

with related entities controlled by its principals. Mr. Camplese, if called

to testify, will testify as to these facts as well as to the relationship

between IOS and its franchisees, particularly I'MNAEDAFT since the

business relationship began.

g.    Arrone Appel
      c/o Steven Feder
      Equitable Building
      730 17th Street, Suite 550
      Denver, CO  80202

      Mr. Appel is Mr. Gregory's accountant.  If called to testify, he will

provide testimony with respect to the transactions between IOS' related

entities, IOS' financial condition, and in particular, the differences

between IOS' actual financial condition and the financial information

provided to prospective franchisees.

h.    Lloyd Brady
      Productive Computer Solutions
      2985 Sterling Ct # A
      Boulder, CO 80301
      303-643-5602

      Lloyd Brady is an employee of Productive Computer Systems

which was I'MNAEDAFT's network services provider.  Mr. Brady, if

called, is expected to provide testimony with respect to IOS' interference

with I'MNAEDAFT's business, specifically, its efforts to enlist PCS'

assistance in terminating services to I'MNAEDAFT and to capture a list

of e-mail addresses for all of I'MNAEDAFT's customers so as to send

blast e-mails to solicit them to IOS subsequent to IOS' termination of

I'MNAEDAFT.

i.    Darrin LeBlanc
      Productive Computer Solutions
      2985 Sterling Ct # A
      Boulder, CO 80301
      303-643-5602

Darrin LeBlanc is an employee of Productive Computer Systems which was I'MNAEDAFT's network services provider. Mr. LeBlanc, if called, is expected to provide testimony with respect to IOS' interference with I'MNAEDAFT's business, specifically, its efforts to enlist PCS' assistance in terminating services to I'MNAEDAFT and to capture a list of e-mail addresses for all of I'MNAEDAFT's customers so as to send blast e-mails to solicit them to IOS subsequent to IOS' termination of I'MNAEDAFT.

j.   Micah Turnquist
     Productive Computer Solutions
     2985 Sterling Ct # A
     Boulder, CO 80301
     303-643-5602

Micah Turnquist is an employee of Productive Computer Systems which was I'MNAEDAFT's network services provider. Mr. Turnquist, if called, is expected to provide testimony with respect to IOS' interference with I'MNAEDAFT's business, specifically, its efforts to enlist PCS' assistance in terminating services to I'MNAEDAFT and to capture a list of e-mail addresses for all of I'MNAEDAFT's customers so as to send blast e-mails to solicit them to IOS subsequent to IOS' termination of I'MNAEDAFT.

k.   Jeff Strum
     9608 Grand Isle Lane
     Las Vegas, NV 89144
     jeff.strum@mailiw.com
     702-768-7698

22

Mr. Strum is a former IOS franchisee in Las Vegas, Nevada, who, if called, is expected to testify on the misrepresentations and omissions of material fact made by IOS at the time he entered into a business relationship with IOS. He is also expected to testify that during his relationship with IOS, there has been a complete lack of support from IOS and an absence of any meaningful services provided by IOS. He will testify that he is unaware of any trade secrets provided to him by IOS. He is also expected to testify as to IOS' enforcement of the terms of the franchise agreement, in particular its selective enforcement of the default and termination provisions during the time he was a franchisee.

l.      Ed Kushell
        1801 Century Park East, Suite 2400
        Los Angeles, CA 90067
        301-552-2901
        ekushell@franchiseconsulting.com

Mr. Kushell is a franchise consultant who was hired by Mr. Gregory to perform an audit of the IOS franchise business. Mr. Kushell, if called, is expected to testify as to the results of that audit.

### 4.      **Exhibits:**

A.      IOS' Exhibits:

IOS proposes to offer the following exhibits at hearing:

1.      Uniform Franchise Offering Circular dated March 24, 2005
2.      Franchise Agreement dated October 10, 2005
3.      Discovery Days Powerpoint presentation

DMWEST #6808018 v1

4.      Letter from Intelligent Office dated December 9, 2005 regarding initial training materials, including Operations Manual table of contents

5.      Intelligent Office Operations Manual

6.      Email from Gary Baraff dated April 4, 2008 regarding Intelligent Office internet update

7.      Intelligent Office email to Franchisees regarding CMRA with operations manual, member agreement-bw, member agreement-color, policies and procedures, postal regulations

8.      Email string from Iain Clarke to Tom Camplese regarding USPS

9.      The Intelligent Office  Sales by Customer Summary December 2008

10.     I'mnaedaft master customer list

11.     Intelligent Office membership agreement for Advantage Development & Consulting Group LLC dated April 11, 2008 (FAO)

12.     Intelligent Office membership agreement for privileged Care - Houston, LLC (FAO)

13.     2008 Marketing fund and expenditure statements dated  July 18, 2008

14.     I'mnaedaft Texas franchise tax payment form

15.     October 19, 2008 letter from Ronald Rosenwasser to Thomas Sankey and Sven Collins regarding website

16.     Jones Group report to Tom Camplese - November 20, 2008

17.     Photos of Plaintiff's Intelligent Office location taken by Greg Brooks

18.     November 25, 2008 letter from Ronald Rosenwasser to Ronald Clarke and Intelligent Office of Houston regarding Notice of Default under Franchise Agreement

19.     November 26, 2008 letter from Ronald Rosenwasser to Ronald Clarke and Intelligent Office of Houston regarding Correction and Second Notice of Default

20.     Notice of default under Franchise Agreement dated December 4, 2008

21.     December 31, 2008 letter from Ronald Rosenwasser to Ronald Clarke and Intelligent Office of Houston regarding Notice of Default under Franchise Agreement

22.     Notice of default under Franchise Agreement dated January 5, 2009

23.     January 8, 2009 letter from Ronald Rosenwasser to Tom Sankey responding to letter to Jeff Cowman promising to provide additional information

24.     January 22. 2009 letter from Greg Brooks to Ronald Clarke regarding Local Advertising Accounting

25.     3/17/09 Letter from Ron Clarke to Megan Mancuso regarding royalty payment for January 2009

26.     February 6, 2009 letter from Lloyd Brady to Ron Clarke regarding suspension and termination of Managed Services Agreement

27.     Rainmaker Office Offering

28.     Rainmaker Business Centers marketing brochure

29.     Rainmaker Business Centres brochure

30.     www.iogalleria.com website

B.      I'mnaedaft and Clarke Exhibits:

        I'mnaedaft and Clarke propose to offer the following exhibits at hearing:

1.      The Intelligent Office Franchise Offering Circular dated March 24, 2005

2.      Franchise Agreement

3.      E-mail to Mr. Gregory from Mr. Ballen, dated October 14, 2005, Subject: RE: Departed Clients Mail

4.      E-mail to Mr. Clarke from Mr. Gregory, dated February 5, 2009, Subject: RE: Important Announcement Regarding Your Account with Intelligent Office

5.      E-mail to Houston Clients from Houston Clients, dated February 10, 2009," Additional Information"

6.      Recorded Telephone Conversation (cross hairs)

7.      Interim Award, dated October 1, 2008

8.      Uniform Franchise Offering Circular Questionnaire for The Intelligent Office System, LLC

9.      Various Invoices from The Intelligent Office System, LLC to Randall Jackson

10.     Various Invoices from The Intelligent Office System, LLC to Ronald Clarke

DMWEST #6808018 v1

11.     The Intelligent Office System, LLC Account  Quick Report for 2005, 2006, 2007, and 2008

12.     The Intelligent Office System, LLC, Financial Statements, December 31, 2007.

13.     Letter dated December 9, 2005 from Mr. Gregory with attached Operations Manual

14.     E-mail to Mr. Baraff from Mr. Baraff, dated April 4, 2008, Subject: Intelligent Office Internet Update

15.     Letter to Mr. Clarke from Mr. Rosenwasser, dated February 3, 2008, Re: Notice of Termination Under Franchise Agreement

16.     E-mail To Mr. Jones from Ms. Aielli, dated January 6, 2009, Subject:  Updated Master List

17.     Letter to Mr. Clarke from Mr. Rosenwasser, dated December 4, 2008, Re: Notice of Defaults under Franchise Agreement,

18.     Letter to Mr. Clarke from Mr. Brooks, dated January 5, 2009, Re: Notice of Default under Franchise Agreement

19.     E-mail to Mr. Baraff and others from Mr. Clarke, dated November 14, 2008, Subject: Intelligent Bookkeeping

20.     Defendant/Counterclaimant The Intelligent Office System, LLC's Amended Counterclaim Against I'mnaedaft, Ltd. and Amended Third-Party Complaint Against Ronald Clarke

21.     Letter to Mr. Clarke from Mr. Gregory, dated January 24, 2008

22.     Letter to Mr. Sankey and Mr. Collins from Mr. Rosenwasser, dated October 19, 2008

23.     Letter to Mr. Sankey and Mr. Collins from Mr. Rosenwasser, dated October 20, 2008

24.    Letter to Mr. Clarke from Mr. Rosenwasser, dated November 25, 2008, Re: Notice of Default Under Franchise Agreement

25.    Letter to Mr. Clarke from Mr. Rosenwasser, dated November 26, 2008, Re: Correction and Second Notice of Default Under Franchise Agreement

26.    Letter to Mr. Rosenwasser from Mr. Sankey, dated December 2, 2008, Re: Notice of Default

27.    Letter to Mr. Clarke from Mr. Rosenwasser, dated December 4, 2008, Re: Notice of Defaults Under Franchise Agreement

28.    Letter to Mr. Cowman from Mr. Sankey, dated December 9, 2008

29.    Letter to Mr. Cowman from Mr. Sankey, dated December 11, 2008

30.    Letter to Mr. Clarke from Mr. Rosenwasser, dated December 31, 2008, Re: Notice of Default Under Franchise Agreement

31.    Letter to Mr. Sankey from Mr. Rosenwasser, dated January 8, 2009, with attachments

32.    Letter to M. Clarke from Mr. Brooks, dated January 22, 2009, Re: Local Advertising Accounting

33.    E-mail to Mr. Brooks from Mr. Clarke, dated January 30, 2009, Subject: Your Letter to Ronald Clarke of 22nd January 2009, Local Advertising Accounting

34.    Letter to Mr. Cowman from Mr. Sankey, dated January 27, 2009, Re: Notice of Default

35.    Defendants/Counterclaimant The Intelligent Office System, LLC's Motion for Preliminary Injunction and Supporting Brief

36.    Screen Shots from Virtual Office Solutions, Intelligent Office Website

DMWEST #6808018 v1

37.     Screen Shots from Ideawide Website

38.     E-mail to Mr. Clarke from Mr. Strum, dated October 23, 2008, Subject: Try Remote Receptionist for Free - 1 Week Offer

39.     Screen Shot from iCommunity Website

40.     E-mail to Mr. Brady and others from Mr. Gregory, dated February 3, 2009, Subject: Houston

41.     E-mail to Mr. Gregory from Mr. Brady, dated February 3, 2009, Subject: RE: Houston

42.     E-mail to Mr. Turnquist from Mr. Greene, dated February 3, 2009, Subject: Backup and Client Data

43.     "Important Announcement" to Houston Clients, dated February 5, 2009 from Mr. Gregory

44.     E-mail to Houston Clients from Mr. Gregory, dated February 10, 2009, Regarding Additional Information

45.     E-mail from Mr. Rosenwasser to Mr. Sankey, dated August 23, 2008, Subject: Confidential - For Settlement Discussions Only

46.     Mutual Termination and Release Agreement

47.     Exhibit K to Disclosure Document Financial Statements

48.     Letter to Ms. Shanks from Mr. Rosenwasser, dated December 13, 2008

49.     Letter to Mr. Rosenwasser from Ms. Shanks, dated December 9, 2008

50.     Letter to Ms. Shanks from Mr. Rosenwasser, dated October 8, 2008

DMWEST #6808018 v1

51.   Respondent's Pre-Hearing Statement

52.   Respondent's Closing Argument

53.   Interim Award

54.   Brochure from Stark Business Solutions

55.   Ballen Arbitration Interim Award and Final Award

56.   Ballen Pre-Hearing Statement

57.   Ballen Supplemental Closing Argument

58.   IOS Closing Argument (the Kushell Report)

58.   IOS Pre-Hearing Statement

60.   Ralph Gregory Deposition from Ballen Arbitration

61.   Ralph Gregory Deposition from Dallas case (3.6.2008 and 10.24.2007)

62.   Transcript from the Kiburz injunction hearing.

63.   IOS' Verified Complaint from Dallas case

64.   PR Web Press Release regarding "Stark Business Solutions Partners with NYC
      Rockefeller    Group Business Centers," dated March 17, 2009

65.   Intelligent Office Garden City, New York Rate Sheet

66.   Handwritten Notes

DMWEST #6808018 v1

67.     Analysis & Evaluation Report for Intelligent Office developed by The Franchise
        Consulting Group, dated August 30, 2007

68.     2009 Offering Memorandum (FDD)

69.     September 7, 2007 e-mail from Gregory to Franchisees re audit results

70.     September 10, 2007 e-mail from Gregory to Franchisees re audit results

71.     Documents produced by Jones

72.     Documents produced by PCS

## 5.     Relevant Legal Authorities

A.      IOS will rely upon the following legal authorities which are attached hereto:

1.      *Rathke v. McFarlane*, 648 P.2d 648 (Colo. 1982);

2.      *Gold Messenger, Inc. v. McGuay*, 937 P.2d 907 (Colo. App. 1997);

3.      *I Can't Believe Its Yogurt*, 1997 U.S. Dist. LEXIS, 1997-2, Trade Cas. (CCH)
        ¶ 71, 879 (D. Colo April 15, 2997);

4.      *Jiffy Lube, Int'l, Inc. v. Weiss Bros., Inc.*, 834 F. Supp. 685 (D.N.J., 1993);

5.      *DBA Enterprises, Inc. v. Findlay*, 923 P.2d 928 (Colo. App. 1996);

6.      *Miller v. Kendall*, 541 P.2d 126 (Colo. App. 1975).

B.      Plaintiff and Clarke will rely upon the following legal authorities which are attached

hereto:

1.      *Rathke v. McFarlane*, 648 P.2d 648, 651 (Colo. 1982).

2.      *SCFC ILC, Inc. v. VISA USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).

3.      *Dominion Video Satellite, Inc. v. Echostar*, 269 F.3d 1149, 1155 (10th Cir. 2001)

30

DMWEST #6808018 v1

4.      *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980)

5.      *Mountain Med. Equip., Inc. v. Healthdyne, Inc.*, 582 F. Supp. 846, 848-49 (D. Colo. 1984)

6.      *Walmer v. United States Department of Defense*, 52 F.3d 851, 854 (10th Cir. 1995).

7.      *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256 (10th Cir. 2004)

8.      *Bray, et al v. QFA Royalties, LLC*, 486 F.Supp.2d 1237, 1247-48 (D. Colo. 2007)

9.      *DBA Enterprises, Inc. v. Findlay*, 923 P.2d 298 (Colo. App. 1996);

10.     C.R.S. § 8-2-113(2) ("Colorado Noncompete Statute")

11.     *Keller Corp. v. Kelley*, 187 P.3d 1133, 1139 (Colo. Ct. App. 2008).


Dated this *12* day of *May*, 2009.

United States District Court Judge Lewis T. Babcock

DMWEST #6808018 v1